### Jacob A. Henry v. Eleanor Jewett et al.

1. CORPORATIONS—*Capital Stock a Trust Fund for the Payment of Debts.*—The capital stock and property of a corporation are a trust fund for the payment of its debts, and its assets in the hands of stockholders are regarded in equity as the property of the corporation and subject to the claims of its creditors.

Creditors' Bill.—Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

GEORGE S. HOUSE, attorney for appellant.

J. L. O'DONNELL, attorney for appellees; MORRILL SPRAGUE, J. W. D'ARCY, and J. W. DOWNEY, of counsel.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity, filed in the Circuit Court of Will County, by Eleanor Jewett, against appellant, seeking to enforce payment by him of a certain judgment she held against the Joliet Street Railway Company, on the ground that he, the principal stockholder in said company, had received all the proceeds of the sale of the entire assets of said company to one Henry R. Cox. Other stockholders were made parties defendant to the bill, as also were other creditors of the railway company, some of whom had put their claims into judgment or had suits pending for that purpose. Cross-bills were filed by John Neppa, administrator of the estate of Frank Neppa, deceased, and also by Frank Barthelme, administrator of the estate of Laura Barthelme, deceased, the said Frank Barthelme having been made a defendant to the original bill by leave of court. All the defendants answered Mrs. Jewett's bill and the cross-bills were duly answered. Ernest Rudd, by leave of court, was also made a defendant to the original bill, which he answered, and filed a cross-bill, setting up his rights as a judgment creditor.

It appears from the evidence that Henry was the principal

stockholder and president of the Joliet Street Railway Company, and that on June 24, 1896, he entered into an agreement with Henry P. Cox to sell and transfer to the latter all the shares of stock of said railway company, being 3,000 shares of the par value of $100 each, together with the possession, management and control of the property and franchises of the Joliet Street Railway Company. This agreement was in writing, and on the part of Henry it was agreed that the property of the Joliet Street Railway Company was free from all liens and incumbrances other than an issue of $75,000 first mortgage bonds of the company. On the part of Cox it was agreed that he should cause a new corporation to be organized under the laws of the State of Illinois, to be called the "Joliet Railway Company," for taking over all the property and franchises of the existing "Joliet Street Railway Company," with a capital stock of $300,000, and should make and execute a mortgage of the property and franchises to be by it acquired, securing an issue of $250,000 five per cent twenty year gold bonds.

Cox also contracted that he would pay said Henry for said 3,000 shares of the stock of the old company, $50,000 of the stock of the new corporation at its par value, $50,000, in the bonds of the new corporation at their par value, and $100,000 in cash payable at the times specifically mentioned in the agreement. In paragraph seven of the agreement it was further provided that "said Henry shall be entitled to receive, retain and collect all earnings of the property to this date, and all accounts and bills receivable, and he shall on his part pay all operating expenses, accounts and bills payable, and all claims and demands of whatever nature now existing against the company, so that the said Cox shall acquire the possession of the Joliet Street Railway Company on this day free from all claims and demands of whatever nature other than the bonds, taxes and paving assessments," theretofore specified in the agreement.

It further appeared from the evidence that Cox proceeded

to have the new company organized under the name "Joliet Railway Company;" that he paid Henry the $100,000 cash and delivered to him the stock and bonds of the new corporation to the amount of $100,000 more according to the terms of the agreement, and that Henry turned over to Cox or to the person designated by him, the entire stock and property of the old Joliet Street Railway Company.

On the hearing of the cause there was a decree finding that said Jacob A. Henry holds the money, stock and bonds paid by the Joliet Railway Company for and on the purchase price of the property of the Joliet Street Railway Company, and that said purchase price is subject to a lien in favor of the creditors for the lawful debts of said Joliet Street Railway Company. The decree further found the amount due each judgment creditor and ordered that said Henry pay the same. From this decree Henry appeals to this court.

The main defense interposed by Henry in the court below and relied on here, is that he only sold the stock of the old company to Cox and not its assets and franchises. We do not so understand the scope and intent of the agreement. The clear purpose was to sell and transfer to Cox not only the stock, but the property and franchises of the Joliet Street Railway Company. That must have been the understanding of the parties, because they at once proceeded to give that effect to the agreement. The purpose of the deal was to have created a new corporation "for the purpose of taking over all the property and franchises of the existing Joliet Street Railway Company," as recited in clause three of the agreement. This understanding was carried out. Cox was but a mere medium through which to transfer the title of the old corporation to the new one. All the property and assets passed to the Joliet Railway Company and Henry received the entire avails of the sale. The law is well settled that the capital stock and property of a corporation is a trust fund for the payment of its debts, and assets of the corporation in the hands of stockholders are regarded in equity as the property of the corporation and

subject to the claims of its creditors. (Singer v. Hutchinson, 183 Ill. 606.) We think the case just cited is decisive of the liability of Henry under the evidence in this case. He sold to Cox the entire capital stock and property of the Joliet Street Railway Company, and received $200,000 therefor, which in equity he still holds as a trust fund for the payment of claims and judgments against the old corporation. In good conscience also he ought to be held liable, because in his written agreement with Cox, he contracted and promised to pay all claims and demands of whatever nature then existing against the old company, so that Cox should obtain possession thereof free from all claims and demands other than the bonds, taxes and paving assessments.

We think the defense insisted on in the court below was untenable, and the objections now urged in this court to the decree, are without merit. In our opinion the decree was right and must be affirmed.